

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>LANCE TURNER, ET AL.,<br><br>Defendants. | Case No. CV 13-5594 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On August 2, 2013, Defendant Tracy Turner, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in

1  the first place, in that Defendant does not competently allege facts supplying either
2  diversity or federal-question jurisdiction, and therefore removal is improper. 28
3  U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,
4  563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of
5  citizenship exists, the amount in controversy does not exceed the diversity-
6  jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the
7  contrary, the unlawful-detainer complaint recites that the amount in controversy
8  does not exceed $10,000. Moreover, because Defendant resides in the forum state,
9  Defendant cannot properly remove the action, to the extent diversity jurisdiction is
10 asserted. 28 U.S.C. § 1441(b).
11      Nor does Plaintiff's unlawful detainer action raise any federal legal question.
12 *See* 28 U.S.C. §§ 1331, 1441(b). Defendant asserts in her removal papers that
13 Plaintiff filed a federal question action under the federal Fair Debt Collection
14 Practices Act ("FDCPA"). *See* 16 U.S.C. § 1692, *et seq.* An unlawful detainer
15 action, however, does not constitute "debt collection" under the FDCPA. *Brambilia*
16 *v. Reo Bay Area, LP*, 2011 WL 4031142, at *5 (N.D. Cal. Sept. 8, 2011); *see also*
17 *Hanaway v. JP Morgan Chase Bank*, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15,
18 2011) ("Since a transfer in interest is the aim of a foreclosure . . . the foreclosure
19 proceeding is not a debt collection action under the FDCPA."); *Aniel v. T.D. Serv.*
20 *Co.*, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("[C]ourts throughout this
21 circuit have concluded that foreclosure does not constitute "debt collection" under
22 the FDCPA.").
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
2  Superior Court of California, South District, Long Beach Courthouse, 415 West
3  Ocean Blvd., Long Beach, CA 90802, for lack of subject matter jurisdiction
4  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this
5  Order to the state court; and (3) that the Clerk serve copies of this Order on the
6  parties.

8  IT IS SO ORDERED.

10  Dated:  8/15/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE